Dr. Benigno Ramírez, como padre con patria potestad de sus hijos menores Irma, Consuelo, Santos Noemí y Luis Otis Ramírez y Bravo, demandantes y apelantes, v. Salomé Ramírez Nadal y sus hijas menores sometidas a su patria potestad, Ines Margarita y Angela Rita Mooyer y Ramírez, demandadas y apeladas.

No. 4578.—*Visto:* Junio 11, 1928. *Resuelto:* Julio 28, 1928.

A. *Arnaldo Sevilla,* abogado de los apelantes; *Pascasio Fajardo Martínez,* abogado de las apeladas.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

La Corte de Distrito de Mayagüez dictó opinión y sentencia en las cuales resolvió substancialmente que ésta era una acción sobre negatoria de servidumbre, y por consiguiente, · para requerir que el demandado cerrara ciertas ventanas, y destruyera un voladizo y otras cosas; que la casa de los demandados estaba separada de la de los demandantes por una pared medianera, aunque originalmente existía una sola casa de un solo piso; que los demandados resolvieron construir un segundo piso y obtuvieron el consentimiento de los demandantes y que al mismo tiempo los demandados convinieron en permitir qué los demandantes construyeran la pared e hicieran la instalación de una tubería de desagüe; que una condición del contrato era que los demandados podían fabricar en la forma actual siempre que si los demandantes resolvían construir sobre su parte del edificio, las cosas obje-

tables debían ser eliminadas o removidas; que ciertos defectos no existen; que el demandante principal estuvo presente día tras día mientras se llevaba a cabo la construccïón, y no opuso objeción alguna; que bajo las circunstancias no existía servidumbre alguna; ya que los demandados estaban obligados a eliminar las cosas objetables tan solo cuando los demandantes se decidieran a fabricar. La corte resolvió a favor de los demandados.

En apelación, los demandantes radicaron un alegato. Los apelados solicitaron la desestimación del recurso en vista de que el alegato radicado no contenía un debido señalamiento de errores y sin la debida especificación de las páginas de los autos en que podía hallarse la prueba en apoyo de las conclusiones de los apelantes. El día señalado para la vista de la moción de desestimación los apelantes radicaron un alegato enmendado, aunque sin permiso de esta corte. Este alegato enmendado no contiene ningún señalamiento de errores según lo hemos definido en frecuentes opiniones. Tampoco se indica la parte de los autos en que descansan los apelantes. El alegato no trata de exponer los hechos de donde podían deducirse los errores cometidos. Sobre este extremo los apelantes llaman la atención de esta corte en un pliego adicional que han radicado.

El alegato de los apelantes es breve y tal vez condonaríamos que hayan dejado de cumplir con las reglas de esta corte si estuviésemos convencidos de que la corte inferior ha cometido algún error, o si tuviésemos serias dudas. Sin embargo, hemos examinado la prueba y el alegato, y hemos llegado a la conclusión de que los apelantes no nos convencen de que la sentencia debe ser revocada. En otras palabras, creemos que los apelantes no solamente dejaron de cumplir con las reglas de esta corte, sino también que la apelación es frívola.

*Debe declararse con lugar la moción* y desestimarse el recurso de apelación.